MORALES, PETICIONARIO Y APELADO, *v.* OLIVARI, JUEZ MUNICIPAL, DEMANDADO, Y RODRÍGUEZ ET AL., INTERVENTORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso de *certiorari.*

No. 1315.—Resuelto en julio 29, 1916.

TRANSACCIÓN DEL PLEITO—ABOGADOS—PODER DEL ABOGADO PARA TRANSAR POR SU CLIENTE—GESTIONES JUDICIALES.—La sección 9 de la ley de 8 de marzo de 1906 [1] determinando reglas para el ejercicio de la profesión de abogado en

---

[1] Igual a la del mismo número de la Ley No. 38 de 1916.

Puerto Rico y derogando leyes anteriores sobre la materia se refiere solamente al poder que tiene el abogado de un cliente con relación a los procedimientos que se siguen en una corte sin que ese poder pueda tener el alcance de obligar el abogado al cliente mediante transacción o arreglo o de cualquier otro modo en lo que respecta a cuestiones independientes del procedimiento y que afecten a la materia objeto de la acción más que al remedio.

ID.—ID.—TRASPASO DE BIENES INMUEBLES—ACTOS DE RIGUROSO DOMINIO—PODER EXPRESO.—En la transacción de un pleito por un abogado, en representación de su cliente, en que esté envuelta la obligación de otorgar una escritura formal de traspaso de bien inmueble mediante pago de una cantidad de dinero, lo cual importa un acto de riguroso dominio, se exige mandato expreso según el artículo 1615 del Código Civil. Un abogado, como cualquiera otro mandatario, está sujeto al precepto de dicho artículo.

ID.—MOCIONES—AUDIENCIA DE LA PARTE CONTRARIA.—En la tramitación de toda moción, tanto en las cortes de distrito como en las municipales, deben llenarse todas las formalidades del artículo 317 del Código de Enjuiciamiento Civil, e infringe una corte dicho artículo cuando a moción de una sola de las partes y sin notificar ni oir a la contraria, deja sin efecto una orden aprobatoria de una transacción.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José* y *Manuel Tous Soto.*

Abogado del apelado: *Sr. Gustavo Rodríguez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la acusación de Prudencio Matos representada por su viuda e hijos, contra sentencia que en 25 de febrero del año próximo pasado 1915, pronunció la Corte de Distrito de Ponce declarando con lugar recurso de *certiorari* ante ella promovido por José Morales García contra el Juez Municipal de Yauco, Tomás Olivari Santoni, en pleito civil No. 12 seguido por Morales García contra Prudencio Matos en cobro de pesos, y anulando en su consecuencia todos los procedimientos seguidos en dicho pleito desde la orden de 14 de julio de 1914 por la cual se dejó sin efecto orden anterior de la misma corte municipal dictada en 12 de marzo del propio año, aprobatoria de transacción habida entre las partes.

Los procedimientos que motivaron la solicitud del auto de *certiorari* fueron los siguientes:

1º. Con fecha 22 de noviembre de 1904 presentó demanda a la Corte Municipal de Yauco, Francisco López Acosta como apoderado de José Ramón Morales García, contra Prudencio Matos en cobro de $235.82, y el juicio terminó por sentencia registrada en rebeldía del demandado el 2 de febrero de 1905 declarando con lugar la demanda.

2º. Para ejecutar dicha sentencia se libró orden al márshal de la expresada corte municipal, quien en pública subasta adjudicó al demandante José Ramón Morales García, único licitador, una finca rústica de la propiedad del demandado con cabida de ocho cuerdas más o menos, radicada en el barrio Rubias del término municipal de Yauco, por la cantidad de $240.92.

3º. Algunos años después, en marzo 4, 1914, Juana Rodríguez viuda de Prudencio Matos y sus hijos Juan Rosario, Francisco, Andrés, Monserrate y Bernarda Matos y Rodríguez en concepto de únicos y universales herederos de Prudencio Matos, representados por su abogado José Tous Soto, radicaron moción con súplica de que se declarara la nulidad de la sentencia, orden de ejecución, subasta y posesión de la finca adjudicada a José Ramón Morales García, restituyéndose a los comparecientes en la posesión de ella, a cuyo fin alegaron defectos sustanciales en la tramitación del juicio.

4º. Señalado para la vista de la anterior moción el día 12 del citado marzo, los abogados José Tous Soto y Rafael Palacios en representación de la sucesión de Prudencio Matos, y el abogado Gustavo Rodríguez en la de José R. Morales, sometieron a la aprobación de la corte municipal una moción de transacción en virtud de la cual Morales García pagaría a la sucesión de Prudencio Matos la suma convenida de $300 que unida a la reclamada en la demanda sumaban ambas el valor total de la finca, obligándose la referida sucesión a trasmitir por escritura pública a favor de Morales García todos los derechos que podrían corresponderle sobre la indicada finca, y desistiendo la misma sucesión de todo procedimiento judicial contra Morales García en reclamación de la

finca a éste adjudicada. La anterior moción de transacción fué aprobada en la misma fecha.

5°. En 2 de julio de 1914, la sucesión de Prudencio Matos bajo la representación de su abogado José Tous Soto solicitó se señalase día para la vista de la moción de nulidad de 4 de marzo de 1914, la que reproducía en todas sus partes, alegando que el abogado Don Rafael Palacios Rodríguez en representación de dicha sucesión había celebrado una transacción con el abogado representante de Ramón Morales García, habiendo rehusado dicha sucesión aceptar semejante transacción.

6°. La corte municipal, en vista de la anterior moción, dictó orden en 14 de julio de 1914, dejando sin efecto la dictada en 12 de marzo de 1914 aprobatoria de la transacción y señaló el día 24 del citado julio para la vista de la moción sobre nulidad de procedimientos.

7°. La vista de la moción fué pospuesta y discutida por fin en 9 de diciembre de 1914, en cuyo día fué resuelta, habiéndose declarado nulas la sentencia dictada en el pleito, la orden de ejecución, la subasta y la posesión de la finca y ordenándose la restitución de ésta a la sucesión de Prudencio Matos.

Alegó el peticionario como razones legales para la expedición del auto de *certiorari,* falta de jurisdicción por parte del juez municipal para anular la transacción en virtud de la cual había desistido la sucesión Matos de toda reclamación sobre la finca adjudicada a Morales García, e irregularidad en los procedimientos de dicha corte inferior al dejar sin efecto la resolución de 12 de marzo de 1914 por la que aprobó la transacción en virtud de moción de la sucesión Matos, sin haber sido notificado previamente de esa moción el peticionario ni dádosele oportunidad para discutirla, con infracción de los artículos 317 y 318 del Código de Enjuiciamiento Civil.

La Corte de Distrito de Ponce funda su sentencia apelada en que la orden dictada por la Corte Municipal de Yauco en 12 de marzo de 1914 aprobando la transacción de las partes, estaba ajustada a la ley porque dicha transacción fué

hecha por los abogados de récord de las partes en el pleito y era obligatoria para las mismas según la ley sobre admisión al ejercicio de la abogacía aprobada en 8 de marzo de 1906.

No estamos conformes con el fundamento en que descansa la resolución apelada.

La sección 9ª. de la ley de 8 de marzo de 1906 determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico y derogando leyes anteriores sobre la materia, dice así:

"Todo abogado, en tanto que no se le haya notificado por sus clientes la revocación de su representación, tendrá derecho para obligar al que lo haya elegido como tal en todas las gestiones que judicialmente practique en nombre de dicho cliente y que consten en las minutas de la corte ante la que tales gestiones se verifiquen, pero no de otra suerte."

Opinamos que la sección transcrita se refiere solamente al poder que tiene el abogado de un cliente con relación a los procedimientos que se sigan en una corte, sin que ese poder pueda tener el alcance de obligar el abogado al cliente mediante transacción o arreglo o de cualquier otro modo en lo que respecta a cuestiones independientes del procedimiento y que afecten a la materia objeto de la acción más que al remedio.

En la transacción de que se trata está envuelta la obligación de otorgar una escritura formal de traspaso de bien inmueble mediante pago de una cantidad de dinero, lo cual importa un acto de riguroso dominio que exije mandato expreso, según el artículo 1615 del Código Civil. Un abogado, como cualquier otro mandatario, está sujeto al precepto de dicho artículo.

Para mayor ilustración sobre ese particular, véanse 6 C. J., p. 643, sec. 147; p. 657, sec. 169; p. 659, sec. 175; 2 R. C. L., p. 976, sec. 54; p. 986, sec. 63; p. 989, sec. 68; p. 995, sec. 75.

Pero es que la resolución apelada se sostiene por otro fundamento, o sea, por el mismo que invocó el peticionario Ramón Morales García al solicitar la expedición del auto de *certiorari,* consistente en haberse infringido por el Juez Municipal de Yauco el artículo 317 del Código de Enjuiciamiento Civil al dejarse sin efecto la orden de 12 de marzo de 1914, sin audiencia de Morales García.　Ese artículo previene las formalidades que deben llenarse para la tramitación de toda moción y tales formalidades no se han llenado en el presente caso, pues el Juez Municipal de Yauco dejó sin efecto la orden de 12 de marzo de 1914, a virtud de moción de la sucesión Matos, sin notificar ni oir a la parte contraria.

Dichas formalidades deben llenarse tanto en las cortes de distrito como en las cortes municipales.

Por las razones expuestas es de confirmarse la resolución apelada, debiendo proceder el Juez Municipal de Yauco con arreglo a los principios establecidos en la presente opinión.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.